DAVID W. DRATMAN
Attorney at Law
State Bar No. 78764
1007 7th Street, Suite 305
Sacramento, California  95814
Telephone: (916) 443-2000
Facsimile:  (916) 443-0989
Email: dwdratman@aol.com


Attorney for Defendant
SONIA KIM


IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


| UNITED STATES OF AMERICA, | **2:15-CR-0015 GEB** |
|---|---|
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER CONTINUING STATUS CONFERENCE, AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT** |
| v. | |
| SONIA KIM, ET AL., | DATE: May 20, 2016 |
| Defendants. | TIME:  9:00 a.m. |
| | COURT: Hon. Garland E. Burrell, Jr. |

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1.      By previous orders, this matter was set for status conference on May 20, 2016.

2.      By this stipulation, defendants move to continue the status conference and to exclude time between May 20, 2016 and July 29, 2016 at 9:00 a.m. under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The discovery in this case includes 112 pages of investigative reports and related documents jointly provided to all defense counsel.  The government provided individual defense counsel with data and reports from the alleged cell phones of their respective clients, consisting of thousands of pages.  The disclosure of this material to all defense counsel has not resulted in a joint stipulation for disclosure, but the parties are continuing to communicate to reach an agreement for disclosure, as well as having discussions concerning the resolution of this case.

1        b)      Defendants' counsel need to consult with their respective clients, conduct

2 investigation, review discovery and seek a solution to the discovery of the cell phone contents, as

3 well as continuing the discussions regarding the resolution of this case.

4        c)      Counsel for defendants believe that failure to grant the above-requested

5 continuance would deny them the reasonable time necessary for effective preparation, taking into

6 account the exercise of due diligence.

7        d)      The government does not object to the continuance.

8        e)      Based on the above-stated findings, the ends of justice served by continuing the

9 case as requested outweigh the interest of the public and the defendant in a trial within the

10 original date prescribed by the Speedy Trial Act.

11        f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

12 et seq., within which trial must commence, the time period of January 21, 2016 to March 11,

13 2016 inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code

14 T4] because it results from a continuance granted by the Court at defendant's request on the basis

15 of the Court's finding that the ends of justice served by taking such action outweigh the best

16 interest of the public and the defendant in a speedy trial.

17     4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the

18 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

19 must commence.

20     IT IS SO STIPULATED.

21 Dated:  May 19, 2016                PHILLIP A. TALBERT
United States Attorney

22                            /s/ PAUL A. HEMESATH

23                            PAUL A. HEMESATH
Assistant United States Attorney

24

25 Dated:  May 19, 2016                /s/ DAVID W. DRATMAN

26                            DAVID W. DRATMAN
Counsel for Defendant

27                            SONIA KIM AND SIGNED ON
BEHALF OF ALL

28                            DEFENDANTS WITH
PERMISSION

### [PROPOSED] FINDINGS AND ORDER

The Court, having considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order.  Based on the stipulation of the parties, the Court finds that the failure to grant the requested continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court specifically finds that the ends of justice served by the granting of such continuance outweigh the interests of the public and that the time from May 20, 2016 to and including July 29, 2016 shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to Local Code T4 (time for defense counsel to prepare and continuity of counsel pursuant to 18 U.S.C.§ 3161(h)(7)(A) and (B)(iv)).

Dated:  May 19, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge